IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| BENJAMIN W. FAWLEY | § | |
|     Plaintiff, | § | |
| vs. | § | CAUSE NO. 1:20-CV-01342 |
| | § | |
| HOWARD CLARKE, MICHELLE LUJAN | § | |
| GRISHAM, DWAYNE SANTISTEVAN | § | |
| AND ALISHA TAFOYA LUCERO, | § | |
|     Defendants. | § | |

### DEFENDANTS' RULE 12(b)(1) AND RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

Come Now, Defendants, Howard Clarke, Michelle Lujan Grisham, Governor of the State of New Mexico, Dwayne Santistevan and Alisha Tafoya Lucero, ("Defendants") in the above-styled and numbered cause, and file this 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim on Which Relief May be Granted.

### I.    INTRODUCTION

1.    Plaintiff brings a complaint for damages as a result of an alleged breach of contract and due to various violations under the U.S. Constitution against the New Mexico state officials and a Virginia state official listed as Defendants in this proceeding. Though not clear on the face of Plaintiff's complaint, it is presumed the actions complained of are as against Defendants in their official capacities, and neither the State of New Mexico nor the State of Virginia have waived immunity for the types of claims pursued by Plaintiff. Plaintiff alleges, *inter alia*, breach of contract pursuant to the Interstate Corrections Compact ("ICC") established under the consent of Congress pursuant to 4 U.S.C. §112, and also alleges violations of the United States Constitution

as follows: alleged violations of U.S. Const. art. I, §10, cl. 1 (bill of attainder, ex post facto, and contracts clause); U.S. Const. amend. V (due process and double jeopardy); U.S. Const. amend VIII (cruel and unusual punishment and excessive fines); and U.S. Const. amend. XIV, §1.

2. However, under New Mexico law, pursuant to the New Mexico Tort Claims Act ("TCA") (NMSA 1978, § 41-4-1 et seq.), such a complaint requires potential plaintiffs to give written notice to the governmental entity within ninety (90) days after an occurrence giving rise to a claim. On the face of Plaintiff's complaint, Plaintiff asserts that the alleged violations have occurred from July 10, 2019 through at least September 15, 2020, and asserts a count of 137 violations. To date of this filing, Plaintiff has not fulfilled the notice requirements under the TCA. As a result, the Court lacks jurisdiction to consider Plaintiff's claims.

3. In addition, because Plaintiff misconstrues a private cause of action under the ICC, and relies on conclusory allegations to support his alleged breach of contract claims and violations of the Constitution, Plaintiff has also failed to state a claim upon which relief may be granted. Defendants therefore respectfully ask this Court to dismiss Plaintiff's lawsuit in its entirety.

## II.   STATEMENT OF RELEVANT FACTS

4. Plaintiff is a prisoner in the New Mexico Corrections Department. This action commenced on October 14, 2020 in the 1st Judicial District Court of Santa Fe County, New Mexico, as Cause No.: D-101-CV-2020-02247 with the filing of Plaintiff's Complaint.

5. As of the date of this filing, the case was styled Benjamin W. Fawley v. Howard Clarke, Michelle Lujan Grisham, Dwayne Santistevan and Alisha Tafoya Lucero.

6. As identified by Plaintiff, Defendants are Howard Clarke, Director of the Virginia Department of Corrections[1], Michelle Lujan Grisham, Governor of the State of New Mexico, Dwayne Santistevan, Warden of the Lea County Corrections Facility, and Alisha Tafoya-Lucero, Cabinet Secretary for the New Mexico Corrections Department. On December 23, 2020, Defendants filed their Notice of Removal to Federal Court pursuant to 28 U.S.C. §1441(a) and (c).

### III. STANDARD OF REVIEW

7. Federal Rule of Civil Procedure Rule 12(b)(1) gives the Court the power to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) calls for a determination that the court lacks authority to adjudicate the matter, and is a direct challenge to the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

8. The jurisdictional defect at issue here also relates to Rule 1-012(B)(1) NMRA, the analogous New Mexico rule to that of Fed. R. Civ. P. 12(b)(1) where the court lacks subject

---

[1] According to the Virginia Department of Corrections website, "Harold" Clarke is identified as the Director of the Virginia Department of Corrections, however Plaintiff's Complaint identifies this individual as "Howard." See https://vadoc.virginia.gov/about/

matter jurisdiction over the complaint. When reviewing a challenge to the facts upon which subject-matter jurisdiction is based, "a district court may not presume the truthfulness of the complaint's factual allegations." *See South v. Lujan*, 2014-NMCA-109, ¶ 8, 336 P.3d 1000, 1003 (*citing Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir.1995)). Jurisdiction under the TCA's notice requirement is a "threshold issue" to be decided by the Court and is "separate from the ultimate issue of liability." *Lopez v. State*, 1996-NMSC-071, ¶ 16, 122 N.M. 611, 616. Dismissal is mandatory once the Court determines that it lacks subject matter jurisdiction over particular claims. Rule 1-012(H)(3) ("Whenever it appears by the suggestions of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

9. Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure test the "legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim if a complaint does not "contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca*, 952 F.2d 1183, 1187 (10th Cir. 1991).

10. Likewise, under Rule 1-012(B)(6) NMRA, the analogous New Mexico rule, a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss may be granted, "if it is evident that the plaintiff cannot obtain relief under any set of facts alleged…or if the facts on the face of the complaint clearly support an affirmative defense

to the relief sought." *Sanders v. Estate of Sanders*, 1996-NMCA-102, ¶ 6, 122 N.M. 468, 471. To survive a motion to dismiss under Rule 1–012(B)(6) NMRA, a plaintiff must allege all the elements of his/her claim. *See Morales v. Reynolds*, 2004-NMCA-098, ¶ 18, 136 N.M. 280, 285. For the purposes of ruling on a motion to dismiss for failure to state a claim "the court must accept as true" the factual allegations asserted in the pleadings. *Herrera v. Quality Pontiac*, 2003–NMSC–018, ¶ 2, 134 N.M. 43, 47. However, "conclusions of law are not admitted" because "the very purpose of a motion to dismiss is to test the legal sufficiency of the claim." *See Duran v. New Mexico Monitored Treatment Program*, 2000-NMCA-023, ¶ 19, 128 N.M. 659, 664 (citing *C & H Const. & Paving, Inc. v. Found. Reserve Ins. Co.*, 1973-NMSC-076, ¶ 9, 85 N.M. 374, 376) ("For purposes of the motion, the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted.").

## IV. ARGUMENT

11. Defendants move this Court to dismiss Plaintiff's claims under Rule 1-012(B)(1) NMRA for failure to comply with the mandatory notice requirement of the TCA. *See* NMSA 1978, § 41-4-16(A). Governmental entities are subject to suit for damages only as permitted by the TCA. *See* NMSA 1978, § 41-4-4(A). Under the TCA, a person who claims damages against a governmental entity is required to provide written notice stating the "time, place and circumstances of the loss or injury" within ninety days after an occurrence giving rise to the claim. *See* NMSA 1978, § 41-4-16(A). Unless notice as required in § 41–4–16(A) has been provided, or unless the governmental entity had "actual notice of the occurrence[,]" a court is jurisdictionally barred from considering the suit. *See* NMSA 1978, § 41-4-16(B).

12. The TCA provides that "A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the

New Mexico Religious Freedom Restoration Act [28-22-1 NMSA 1978] and by Sections 41-4-5 through 41-4-12 NMSA 1978." N.M. Stat. §41-4-4. The TCA also guarantees a defense, and provides for payment by the government of any settlement or final judgment, for public employees when liability is sought for not just any tort, but "any violation of property rights or any rights, privileges or immunities secured by the constitution and laws of the United States or the constitution and laws of New Mexico when alleged to have been committed by the public employee while acting within the scope of his duty." N.M. Stat. § 41-4-4. However, the TCA establishes a statute of limitations as follows: "Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death…" N.M. Stat. § 41-4-15. Notice of such claims/actions must be provided, as per the TCA: "Every person who claims damages from the state or any local public body under the Tort Claims Act [41-4-1 NMSA 1978] shall cause to be presented to the risk management division for claims against the state… "within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury." N.M. Stat. § 41-4-16.

13. Plaintiff's complaint alleges, *inter alia*, that Defendants have interfered with contract obligations and have engaged in various violations of rights under the United States Constitution as follows: alleged violations of U.S. Const. art. I, §10, cl. 1 (bill of attainder, ex post facto, and contracts clause); U.S. Const. amend. V (due process and double jeopardy); U.S. Const. amend VIII (cruel and unusual punishment and excessive fines); and U.S. Const. amend. XIV, §1. Plaintiff's complaint alleges that,

> "Beginning on the 10th day of July 2009, L.C.C.F./Geo Group, Inc., as the defacto government agent of the N.M.C.D. began to take funds from Prisoner, Mr.

> Fawley's inmate prison account without due process of law; a fact ongoing since 10 July 2009 through 15 September 2020 accounting for 137 single, individual times prison officials have added additional terms to the specific sentence imposed by court." See Plaintiff's Complaint, Pg. 7 at paragraph B.

Further on in Plaintiff's complaint, Plaintiff asserts his prayer for damages in excess of $400,000 as a result of the 137 instances of violations dating back to July 10, 2009. *See* Plaintiff's Complaint, Pg. 10. At no time has Plaintiff provided to Defendants the requisite notice under the TCA during the Plaintiff's stated period of the alleged violations giving rise to Plaintiff's claims. *See* N.M. Stat. § 41-4-16.

14. Plaintiff's complaint may also be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Taking Plaintiff's allegations as true on the face of his complaint, there is no set of facts that would establish Plaintiff's private cause of action pursuant to contractual relationship between Plaintiff and any of the Defendants. Plaintiff's theory of the case appears to rest on a breach of contract between "the State of New Mexico and the State of Virginia for the implementation of the Interstate Corrections Compact." *See* Plaintiff's Complaint, Pg. 6. Furthermore, Plaintiff seeks monetary damages against the Defendant state officials and therefore against the State. *See* Plaintiff's Complaint, Pg. 10. None of the respective states that are party to the Interstate Corrections Compact have waived immunity by simply adopting the Interstate Corrections Compact. See N.M. Stat. §31-5-17; *see also Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006) (discussing that the states of Virginia and New Mexico did not waive sovereign immunity in claim for monetary damages by adopting the Interstate Corrections Compact).

15. Importantly, the Tenth Circuit, in *Trujillo*, noted that while the ICC includes a provision that suggests that the compact creates rights enforceable by individual inmates: "The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights

which said inmate would have had if confined in an appropriate institution of the sending state," the "compact says nothing about how such rights — assuming they exist — may be enforced." *See* N.M. Stat. § 31-5-17, art. 4(E); *see also Trujillo*, 465 F.3d at 1224; and *see Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir.2002). Ultimately, the Tenth Circuit in *Trujillo* held that a prisoner could not establish claims for monetary damages against the states under the provision of the ICC and applied sovereign immunity to bar Trujillo's claims.

16. Finally, the remaining items of relief in Plaintiff's complaint may be characterized as injunctive as Plaintiff seeks (1) an order from the Court to order "Attorney General to investigate if this amounts to an organized criminal act by two or more state actors that may rise to the level of criminal act," and (2) "for the Court to decide if N.M. state law §33-8-8 is unconstitutional." At the time of this filing, neither the attorney general for the State of New Mexico or for the State of Virginia, was named as a defendant and served with the complaint and Plaintiff has failed to comply with Rule 5.1 of the Federal Rules of Civil Procedure relating to the Constitutional Challenge to a Statute.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully move this Court to grant their 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim on Which Relief May be Granted, and any other relief this Court deems just and proper.

Respectfully Submitted,

By: */s/Rodney L. Gabaldón*
Rodney L. Gabaldón
State Bar No. 10514
Federal ID No. 98-194
Eric G. Rodriguez
State Bar No. 152859

Federal ID No. 930976
Email: rgabaldon@wabsa.com
Email: erodriguez@wabsa.com

WALSH GALLEGOS TREVIÑO
RUSSO & KYLE, P.C.
500 Marquette Avenue NW, Suite 1360
Albuquerque, New Mexico 87102
Phone: (505) 243-6864
Fax: (505) 843-9318

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 23rd day of December 2020, a true and correct copy of the foregoing *Defendants' 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim on Which Relief May be Granted* was electronically filed with the Clerk of the Court using CM/ECF system and has been served on Plaintiff, pursuant to Federal Rules of Civil Procedure as follows:

Benjamin W. Fawley, *Pro Se*
Inmate #69718
Lea County Correctional Facility
6900 West Millen Drive
Hobbs, New Mexico 88244


By: */s/ Rodney L. Gabaldón*
Rodney L. Gabaldón