# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

      Plaintiff,

vs.                                                                                     No. CIV 20-1342 JB/KRS

HOWARD CLARKE; MICHELLE LUJAN
GRISHAM; DWAYNE SANTISTEVAN and
ALISHA TAFOYA LUCERO,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Complaint, filed December 23, 2020 (Doc. 1-1)("Complaint"); (ii) the Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim on Which Relief May Be Granted, filed December 23, 2020 (Doc. 3)("Motion to Dismiss"); (iii) the Plaintiff's Motion to Correct Deficiency of Document No. 6 [Objections to MTD], filed February 11, 2021 (Doc. 11)("Motion to Amend"); and (iv) the Plaintiff's Motion to be Allowed to Present One Hundred and Seventy-Three Pages of Documents From State of New Mexico of Notice of Claim Documents on Record, filed July 30, 2021 (Doc. 22)("Motion to Supplement"). The primary issue is whether, given the liberal construction afforded pro se litigants' filing, Plaintiff Benjamin W. Fawley's multiple motions in response to the Defendants' Motion to Dismiss can be construed as an attempt to amend his Complaint.  Because the Court construes Fawley's fillings as an attempt to amend his Complaint, the Court concludes that: (i) the Plaintiff shall file a single, amended pleading within thirty days of entry of this Order; (ii) the Court denies without prejudice, and as moot: (a) the Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to

Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim on Which Relief May Be Granted, filed December 23, 2020 (Doc. 3); (b) the Plaintiff's Motion to Correct Deficiency of Document No. 6 [Objections to MTD], filed February 11, 2021 (Doc. 11); and (c) the Plaintiff's Motion to be Allowed to Present One Hundred and Seventy-Three Pages of Documents From State of New Mexico of Notice of Claim Documents on Record, filed July 30, 2021 (Doc. 22).

In this case, Fawley alleges that the Defendants violated numerous laws by collecting restitution funds that benefit New Mexico victims, as Fawley is incarcerated pursuant to a Virginia conviction.  See Complaint at 6-8.  The Defendants' Motion to Dismiss primarily addresses the New Mexico Tort Claims Act, N.M.S.A.§§ 41-4-1 through 41-4-27 ("NMTCA").  The Defendants, who removed the case, contend that no court has jurisdiction over the NMTCA claims, because Fawley did not properly give notice of his claim.  See Motion to Dismiss at 5-7.  The Motion to Dismiss also argues that the Court should dismiss all federal claims under rule 12(b)(6) of the Federal Rules of Civil Procedure, because Fawley pled "no set of facts that would establish Plaintiff's private cause of action pursuant to a contractual relationship between Plaintiff and any of the Defendants," and "[n]one of the respective states that are party to the Interstate Corrections Compact have waived immunity . . . ."  Motion to Dismiss at 7.

After the Defendants filed the Motion to Dismiss, Fawley filed the Motion to Amend and Motion to Supplement, along with at least sixteen responses, notices, letters, and briefs.  See Plaintiff's Assertion of Subject Matter Jurisdiction in Response to Defendants Motion Received 29 December 2020, filed January 11, 2021 (Doc. 5); Plaintiff's Objection and Response to Defendants' Document No. 3 Motion to Dismiss for Subject Matter Jurisdiction, filed January 12, 2021 (Doc. 6); Letter by Benjamin Fawley, filed January 11, 2021 (Doc. 7); Plaintiff's Apology

to the Court for Document Number 6, filed February 11, 2021 (Doc. 10); Plaintiff's Motion to Correct Deficiency of Document No. 6, filed February 11, 2021 (Doc. 11); Plaintiff's Response to Defendant's Reply to Plaintiff's Objection and Response to Defendant's Motion to Dismiss, filed February 11, 2021 (Doc. 12); Plaintiff's Brief Against "Persons" Responsible for the Deprivation of Rights Secured by the U.S. Constitution, New Mexico State Constitution, Federal Laws, and State Laws, Under Color of State Law, filed March 8, 2021 (Doc. 13); Plaintiff's Notice of Related Litigation in U.S. Supreme Court, filed March 29, 2021 (Doc. 14); Plaintiff's Response and Objection to Defendant's Notice of Completion of Briefing, filed June 1, 2021 (Doc. 17); Plaintiff's Memorandum of Defendant's Failure to Deny Claims, filed June 14, 2021 (Doc. 18); Petitioner's Brief in Support of Fact Counsel For Defendants Failed to Deny Breach of Please Agreement by Breach of Contract, filed June 14, 2021 (Doc. 19); Plaintiff's Brief in Support of Fact Counsel for Defendants Failed to Deny Fact Plaintiff is Entitled to Seek Redress and Damages, filed June 14, 2021 (Doc. 20); Plaintiff's Motion to be Allowed to Present One Hundred and Seventy-three Pages of Documents from States of New Mexico of "Notice of Claim" Documents on Record, filed July 30, 2021 (Doc. 22); Plaintiff's Response to Counsel for Defendants' Request for Hearing, filed July 30, 2021 (Doc. 23); Plaintiff's Brief Regarding the Outright Lie Asserted by Rodney L. Galbadón in this Action Regarding TCA's Notice Requirement, filed July 30, 2021 (Doc. 24); Plaintiff's Brief Regarding Double Jeopardy, and Procedural Due Process of Law Violations at Issue in This Action, filed July 30, 2021 (Doc. 25); Petitioner's Brief Regarding: "Notice of Claim," filed August 9, 2021 (Doc. 26); Plaintiff's Response to Defendant's Objection and Response to Plaintiff's Motion to be Allowed to Present the One Hundred and Seventy-three Pages of Documents From State of New Mexico, and Briefs, filed September 2, 2021 (Doc. 29); Plaintiff's Brief in Support of His Response to Defendant's

Objection to and Response to Plaintiff's Motion to be Allowed to Submit 173 Pages of Documents from State of NM and Briefs, filed September 13, 2021 (Doc. 30).   While it is difficult to tell precisely what relief, if any, Fawley seeks in those filings, he appears to cite new statutes, documents, and arguments in support of his claim about excess restitution.   The Court, therefore, concludes that Fawley seeks to amend his original Complaint to add new information.   In accordance with the liberal construction afforded to pro se litigants, see Hall v. Bellman, 935 F.2d 1106 (10th Cir. 1991), the Court will permit Fawley to file a single amended pleading within thirty days of entry of this ruling.   The Court also will deny all pending motions without prejudice, as an amended pleading renders them moot.   See Davis v. TXO Production Corp., 929 F.2d 1515, 1517 (10th Cir. 1991)("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

The Court cautions Fawley that his amended pleading must comply with rule 8(a) of the Federal Rules of Civil Procedure.   Rule 8(a) requires plaintiffs to set forth a short and plain statement of the grounds for relief.   See Fed. R. Civ. P. 8(a).   Fawley does not need to include documentary evidence at this stage.   The amended complaint, however, should "explain what each defendant did to him . . . when the defendant did it; how the defendant's action harmed him . . . and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).   Fawley should avoid filing a "shot gun pleading," which cites every conceivable statute and names every conceivable defendant.   Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989)("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").   Allowing shotgun pleadings to survive screening unfairly burdens the Defendants and the Court by forcing them "to carefully comb through [the documents] to ascertain . . . pertinent allegations

to which a response is warranted." <u>McNamara v. Brauchler</u>, 570 F. App'x 741, 743 (10th Cir. 2014).[1] <u>See also Pola v. Utah</u>, 458 F. App'x 760, 762 (10th Cir. 2012)(affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink").

The amended complaint also should address whether, and to what extent, Fawley's excess restitution claim has already been litigated.  It appears that he has raised similar claims in federal court as a habeas and civil rights proceeding, and he also may have litigated the claim in state court.  <u>See</u>, <u>e.g.</u>, <u>Fawley v. GEO Group., Inc.</u>, 543 F. App'x 743, 745 (10th Cir. 2013)(rejecting argument that the Defendant denied the Plaintiff "due process of law by taking deductions from his prison earnings for the New Mexico Victim's Fund"); <u>Fawley v. Jablonski</u>, 832 F. App'x 575 (10th Cir. 2021)(denying certificate of appealability where trial court dismissed same argument as an unauthorized successive habeas claim).  If Fawley fails to file timely a single amended complaint that complies with rule 8(a), the Court may dismiss this matter without further notice. If Fawley files an amended complaint, the Defendants may file another motion to dismiss.  The Defendants are reminded that federal courts generally ensure colorable federal claims exist before exercising supplemental jurisdiction over state law claims.  <u>See Bauchman v. W. High Sch.</u>, 132

---

[1]The Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  <u>See</u> 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir.2005)(citations omitted).  The Court finds that <u>McNamara v. Brauchler</u> and all other unpublished opinions cited herein have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

F.3d 542, 549 (10th Cir. 1997); Brooks v. Gaenzle, 614 F.3d 1213, 1229-30 (10th Cir. 2010).

**IT IS ORDERED** that: (i) within thirty days of entry of this Order, the Plaintiff shall file a single, amended pleading as specified above; (ii) the Court denies without prejudice, and as moot: (a) the Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim on Which Relief May Be Granted, filed December 23, 2020 (Doc. 3); (b) the Plaintiff's Motion to Correct Deficiency of Document No. 6 [Objections to MTD], filed February 11, 2021 (Doc. 11); and (c) the Plaintiff's Motion to be Allowed to Present One Hundred and Seventy-Three Pages of Documents From State of New Mexico of Notice of Claim Documents on Record, filed July 30, 2021 (Doc. 22).

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Benjamin W. Fawley

    *Pro Se Plaintiff*

Rodney L Gabaldon
Walsh Gallegos Trevino Kyle & Robinson P.C.
Albuquerque, New Mexico

    *Counsel for the Defendants*