IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

    Plaintiff,

vs.                                                                          No. 20-cv-1342 MIS-KRS

ALISHA TAFOYA LUCERO, *et al*,

    Defendants.

## **ORDER OF DISMISSAL**

This matter is before the Court following Plaintiff Benjamin Fawley's failure to comply with Fed. R. Civ. P. 8(a) as directed. Plaintiff initiated this case in New Mexico's First Judicial District Court. His *pro se* Tort Complaint (Doc. 1-1) alleges he was convicted of crimes in Virginia, but Defendants improperly collected restitution funds for the benefit of New Mexico victims. Defendants initially removed the case and sought dismissal with prejudice. *See* Doc. 3. Thereafter, Plaintiff filed at least sixteen responses, notices, letters, and briefs. The supplemental filings cite new statutes, documents, and arguments in support of Plaintiff's claim about excess restitution, but the requested relief is not entirely clear.

By a Memorandum Opinion and Order entered September 21, 2021, the Court (Hon. James O. Browning) directed Plaintiff to file a single, amended complaint that complies with Rule 8. *See* Doc. 32. Plaintiff was advised to avoid filing a "shot gun pleading," which cites every conceivable statute and names every conceivable defendant. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").

The ruling warned that the failure to file a single, amended complaint that complies with Rule 8 may result in dismissal of this matter without further notice.

Plaintiff did not follow these instructions. He filed an Amended Complaint, an accompanying brief, and at least twelve motions, responses, and replies. *See* Docs. 36-37; 39-41; 43; 47-48; 51-52; 55-59. The motions, responses, and replies ostensibly address procedural matters but also seek relief under statutes and theories that were not raised in the Amended Complaint. Defendants moved to dismiss all federal claims with prejudice under Fed. R. Civ. P. 12(b)(6) or, alternatively, for failure to comply with minimum pleading standards. *See* Doc. 38. Both parties seek sanctions. Plaintiff believes it was fraudulent to remove the case under federal question jurisdiction but then seek dismissal for failure to state a federal claim; Defendants allege Plaintiff is engaging in vexatious litigation. *See* Docs. 50, 58.

Having carefully reviewed the record, the Court still cannot discern the exact claims Plaintiff seeks to assert. His claims are not confined to a single pleading, and striking extraneous submissions would not cure the defect because his new legal theories are intermingled with arguments resisting dismissal and/or seeking a remand to state court. The Court will therefore dismiss this case under Fed. R. Civ. P. 41(b) for "failure to … comply with the … court's orders" and failure to comply with Rule 8. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The procedural dismissal is without prejudice, and it does not count as a strike under 28 U.S.C. § 1915(g). *See Fontana v. Pearson*, 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice under Fed. R. Civ. P. 41(b)").

The Court will also deny all pending motions to file documents, dismiss this case with prejudice, strike unauthorized replies, for remand, and for sanctions (Docs. 33, 38, 47, 50, 51, 55, 56, and 58).   No sanctions are warranted, and all other requests are moot.

Plaintiff may refile his claims in state court, based on the nature of this dismissal. However, the next complaint may be removed to Federal Court if it raises claims based on federal law or the U.S. Constitution, even if those claims are ultimately without merit. The only way to ensure a case remains in state court is to limit the scope of litigation to violations of state law or the state constitution.

**IT IS ORERED** that this case, including Plaintiff's Amended Complaint (Doc. 36) is **DISMISSED** without prejudice; all pending motions (Docs. 33, 38, 47, 50, 51, 55, 56, and 58) are **DENIED**; and the Court will enter a separate judgment closing the civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3