## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

        Plaintiff,

vs.                                       No. 20-cv-1342 MIS-KRS

ALISHA TAFOYA LUCERO, *et al*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Benjamin Fawley's post-judgment Objections to Dismissal and Motion for Facts and Conclusions of Law.  *See* Docs. 64, 65 (Motions to Reconsider).   Plaintiff seeks relief from the Order dismissing this civil case without prejudice for failure to comply with Fed. R. Civ. P. 8(a) as directed.   Having reviewed the record and relevant law, the Court will deny the Motions to Reconsider.

## BACKGROUND

Plaintiff initiated this case in New Mexico's First Judicial District Court.   His original *pro se* Tort Complaint (Doc. 1-1) alleges he was convicted of crimes in Virginia, but Defendants improperly collected restitution funds for the benefit of New Mexico victims. Defendants initially removed the case and sought dismissal with prejudice.   *See* Doc. 3. Thereafter, Plaintiff filed at least sixteen responses, notices, letters, and briefs.   The supplemental filings cite new statutes, documents, and arguments in support of Plaintiff's claim about excess restitution, but the requested relief is not entirely clear.

By a Memorandum Opinion and Order entered September 21, 2021, the Court

(Hon. James O. Browning) discerned Plaintiff may seek to amend and directed him to file a single, amended complaint that complies with Rule 8. *See* Doc. 32 (Order to Amend). Plaintiff was advised to avoid filing a "shot gun pleading," which cites every conceivable statute. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). The Order to Amend warned that the failure to file a single, amended complaint that complies with Rule 8 may result in dismissal of this matter without further notice.

Plaintiff did not comply. He filed an Amended Complaint, an accompanying Brief on the Documents, and at least twelve motions, responses, and replies. *See* Docs. 33; 36-37; 39-41; 43; 47-48; 51-52; 55-59. The motions, responses, and replies ostensibly address procedural matters but also seek relief under statutes and theories that were not raised in the Amended Complaint. Defendants moved to dismiss all federal claims with prejudice under Fed. R. Civ. P. 12(b)(6) or, alternatively, for failure to comply with minimum pleading standards. *See* Doc. 38. Both parties requested monetary sanctions, and Plaintiff sought a remand to state court. Plaintiff believes it was fraudulent to remove the case under federal question jurisdiction but then seek dismissal for failure to state a federal claim; Defendants allege Plaintiff is engaging in vexatious litigation. *See* Docs. 50, 58.

By an Order entered June 28, 2022, the Court declined to impose monetary sanctions or filing restrictions but dismissed this case under Fed. R. Civ. P. 41(b) for failure to comply with the Order to Amend and Rule 8. *See* Doc. 60 (Dismissal Order).

2

The Dismissal Order was entered without prejudice to refiling the claims in state court, where Plaintiff prefers to litigate.   The Dismissal Order also clarifies it does not count as a strike under 28 U.S.C. § 1915(g).   *See Fontana v. Pearson*, 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice under Fed. R. Civ. P. 41(b)"); *Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing procedural dismissals under Rule 41(b) from screening dismissals for failure to state a claim).   Plaintiff appealed the Dismissal Order and then filed the instant Motions to Reconsider.   *See* Docs. 63-65.   The Tenth Circuit abated the appeal pending resolution of the Motions to Reconsider.   *See* Doc. 69.

## DISCUSSION

A motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed under Fed. R. Civ. P. 59(e).   *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008).   Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."   *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   A district court has considerable discretion in deciding whether to reconsider a judgment under Rule 59(e).   *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff does not point to new law or evidence impacting Rule 8 or Rule 41.   He primarily alleges the Court failed to account for his status as a *pro se* litigant.   The Court

3

did not dismiss this case under Fed. R. Civ. P. 12(b)(6) because Plaintiff to "fail[ed] cite proper legal authority, …confus[ed] … legal theories," or was "unfamiliar[] with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (setting forth the standard for liberal construction of *pro se* pleadings).   Rather, the case was dismissed without prejudice because the volume and form of Plaintiff's filings prevented the Court from adequately discerning each claim.   As noted above, the Court provided instructions on how to file a pleading that would comply with Rule 8.   Plaintiff was directed to file a single submission and provide a short, plain statement of "what each defendant did to him . . . when the defendant did it; how the defendant's action harmed him . . . and what specific legal right the plaintiff believes the defendant violated."   Doc. 32 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). Immediately thereafter, Plaintiff a Motion to Submit Evidence, an Amended Complaint, and a Brief on the Documents.   *See* Docs. 33, 36, and 37.   These filings consist of over 120 pages.   Plaintiff then filed 12 more submissions, consisting of 265 pages, which raise new legal claims alongside arguments regarding dismissal, remand, and sanctions.   *See* Docs. 39-41; 43; 47-48; 51-52; 55-58.   The Dismissal Order explains that striking filings would not cure the issue because Plaintiff's procedural arguments are inextricably comingled with his legal theories.

The Motions to Reconsider underscore this point.   Plaintiff initially filed a civil tort complaint.   *See* Doc. 1-1.   However, the instant motions state Plaintiff sued Defendants based on, inter alia, his illegal plea and point to the lack of evidence to support his murder conviction.   On this record, the Court declines to reconsider its conclusion that Plaintiff

failed to comply with Rule 8.   Plaintiff receive prior warnings and instructions on Rule 8, based on his *pro se* status, and he had adequate notice and opportunity to comply with that rule.   For the same reasons, the Court denies Plaintiff's requests to make findings and conclusions on the merits of any claims.

Next, Plaintiff argues the Dismissal Order constitutes a miscarriage of justice. The Court exercised discretion to dismiss this entire case without prejudice, even though Defendants requested dismissal with prejudice as to the federal claims.   At the time, Plaintiff sought a remand to state court, and he can now refile his case in that venue. Plaintiff argues he is prejudiced by delay, but he does not allege the civil claims are barred by any statute of limitations.   In one post-judgment motion, he states the delay prejudiced his "right to file [a] habeas" claim.   Doc. 65 at 3.   However, this is not a habeas proceeding, and in any event, the Court lacks jurisdiction to consider any successive 28 U.S.C. § 2254 claims challenging Plaintiff's criminal conviction.   *See Fawley v. Jablonski*, 832 Fed. App'x 575 (10th Cir. 2021) (denying certificate of appealability where trial court dismissed Plaintiff's unauthorized successive habeas claim).

Plaintiff also alleges the Dismissal Order is unjust because he needs to raise violations of an "extremely large number of rights and statutes," including "ten (10) individual constitutional clauses."   Doc. 64 at 1-2.   The Court did not impose a limit on the number of pages or claims in the amended complaint.   Plaintiff could have included all of his claims in a single, amended pleading.   If and when Plaintiff refiles his claims, he should file a single complaint stating the factual reasons why Defendants violated the law, list the statutes he believes Defendants violated, and then allow the Court to review

that document rather than raise new claims in separate filings.

Next, Plaintiff argues the Court can only a dismiss a complaint if it is frivolous or fails to state a cognizable claim.  This argument rehashes law cited in the Dismissal Order, which explains courts may dismiss a case for failure to comply with Rule 8 and prior Orders.   *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing Rule 41); *Fontana v. Pearson,* 772 Fed. App'x 728, 729 (10th Cir. 2019) (addressing Rule 8). No special procedures are required where, as here, the Court dismisses without prejudice, *see Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2016), but Plaintiff nonetheless received prior warnings regarding dismissal.[1]

Plaintiff finally argues his allegations were undisputed; his allegations warrant relief; and the group of incarcerated individuals in New Mexico is easily identifiable, suggesting he wishes to assert class action claims.   These arguments are not relevant to the Dismissal Order, which is predicated on the inability to discern and address Plaintiff's claims.   The Court also notes that Defendants sought dismissal and sanctions; they did not consent to any relief.   For all of these reasons, Plaintiff is not entitled to relief from the Dismissal Order under Rule 59(e).   The Court will deny the Motions to Reconsider (Docs. 64, 65).   This ruling has no impact on the merits of Plaintiff's claims or his ability to refile a single, amended complaint setting forth all grounds for relief.

**IT IS ORERED** that Plaintiff's Motions to Reconsider (**Docs. 64, 65**) are **DENIED**;

---

[1]  At one point, Plaintiff alleges he did not receive notice of Docket No. 2, which is the Order of Reference Relating to Prisoner Cases filed by Hon. James Browning.   It is unclear how that Order impacts dismissal. To the extent Plaintiff argues he did not receive instructions regarding Rule 8 and the prospect of dismissal, this is controverted by the record.   Plaintiff's pleading filed October 18, 2021 states that it is filed "pursuant to Judge James O. Browning['s] Memorandum Opinion and Order ... date September 21, 2021."   Doc. 36 at 1.   Plaintiff therefore received a copy of the Order to Amend.

and the Clerk shall **SUPPLEMENT** the preliminary record on appeal with a copy of this
Order.


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE